IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAUL GALICIA, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. _____ |
| § | |
| OCCIDENTAL FIRE & § | |
| CASUALTY COMPANY OF § | |
| NORTH CAROLINA, § | |
| § | |
| Defendant. § | |

## DEFENDANT'S NOTICE OF REMOVAL

**TO THE HONORABLE COURT:**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Occidental Fire & Casualty Company of North Carolina ("Defendant") files this Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

1.1     On November 4, 2019, Plaintiff Raul Galicia ("Plaintiff") filed his Original Petition in the matter styled *Raul Galicia v. Occidental Fire & Casualty Company of North Carolina*, Cause No. 2019-80123; in the 61st Judicial District Court of Harris County, Texas. The lawsuit arises out of Plaintiff's claim for damages to his property under a residential insurance policy issued by Defendant.

1.2     Plaintiff served Defendant with a copy of his Original Petition on or about November 11, 2019.

1.3 Defendant files this Notice of Removal within 30 days of receiving Plaintiff's pleading and it is being filed within one year of the commencement of this action. *See* 28 U.S.C. § 1446(b).

1.4 All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a). A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

1.5 As required by 28 U.S.C. § 1446(a), and Rule 81 of the Local Rules for the United States District Court of the Southern District of Texas, the following are being filed simultaneously with this Notice of Removal:

**Exhibit A:** Index of Matters Being Filed

**Exhibit B:** Docket Sheet

**Exhibit C:** Plaintiff's Original Petition

**Exhibit D:** Plaintiff's Requests for Production of Defendant Occidental Fire & Casualty Company of North Carolina

**Exhibit E:** Plaintiff's Interrogatories to Defendant Occidental Fire & Casualty Company of North Carolina

**Exhibit F:** Request for Issuance of Service

**Exhibit G:** Citation Issued to Occidental Fire & Casualty Company of North Carolina

**Exhibit H:** Return of Service for Defendant

**Exhibit I:** Defendant's Original Answer to Plaintiff's Original Petition

**Exhibit J:** List of Parties and Counsel

**Exhibit K:** Declaration of Rhonda J. Thompson

1.6     Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Harris County, Texas, the place where the removed action has been pending and where the incident giving rise to this lawsuit took place.

## II.
## BASIS FOR REMOVAL

### A.     Standard for Removal

2.1     According to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  A district court has original jurisdiction over a state law claim where there is complete diversity of citizenship between the parties and where the amount in controversy exceeds $75,000.00, exclusive of interests and costs.  *See* 28 U.S.C. § 1332(a).

2.2     In this case, the Houston Division of the United States District Court for the Southern District of Texas embraces Harris County, Texas, the place where the removed action has been pending.  In addition, this Court has original jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.  Accordingly, this action is appropriately before this court.

### B.     The Parties are of Diverse Citizenship.

2.3     Plaintiff is, and was at the time the lawsuit was filed, a resident and citizen of Harris County, Texas.  *See* Exhibit "C" ¶ 2.

2.4     Defendant is, and was at the time this action was commenced, a foreign (North Carolina) property and casualty insurance company authorized to do business in the State of Texas.  Defendant is organized under Chapter 982 of the Texas Insurance Code.

2.5    Complete diversity of citizenship exists among the parties because Plaintiff is a citizen of Texas and Defendant is a citizen of North Carolina.

### C.    The Amount in Controversy Exceeds $75,000.00

2.6    Plaintiff alleges that Defendant is liable under a residential insurance policy because Plaintiff made a claim under that policy and Defendant wrongfully adjusted and underpaid Plaintiff's claim. Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998). An action in state court may be removed to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. To establish diversity jurisdiction under 28 U.S.C. § 1332, the parties must be diverse, and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332; *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). To determine whether jurisdiction is present for removal, the claims in the state court petition are considered as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

2.7    When a defendant seeks to remove a lawsuit on the basis of diversity jurisdiction, the federal court ordinarily determines the amount in controversy based on the specific "good faith" sum demanded by the plaintiff in the state court petition. *See* 28 U.S.C. § 1446(c)(2); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("[U]nless the law gives a different rule, the sum claimed by the Plaintiff controls if the claim is apparently made in good faith."). But when, in contravention of state law, a plaintiff specifically alleges that damages will not exceed the federal jurisdictional amount, the pleading is not made in good faith and the deference typically afforded the plaintiff's pleading does not apply. *De Aguilar v. Boeing Co.*,

47 F.3d 1404, 1410 (5th Cir.1995) (noting that "the face of the Plaintiff's pleading will not control if made in bad faith," and criticizing manipulative tactics by Plaintiffs that reduce the amount in controversy to avoid federal jurisdiction and removal).

2.8   Furthermore, Texas Rule of Civil Procedure 47(c) requires that plaintiff pleads in certain predefined damage ranges: e.g., "only monetary relief of $100,000 or less," or "monetary relief over $100,000 but not more than $200,000." There is no provision in Rule 47 permitting a plaintiff to plead for damages not exceeding $75,000 as Plaintiff has done here. *See* Plaintiff's Original Petition, Ex. C at ¶48.

2.9   A removing defendant satisfies its burden of proof when it shows by a preponderance of the evidence that the amount in controversy actually exceeds the jurisdictional minimum at the time of removal. *De Aguilar,* 47 F.3d at 1408-11. A removing defendant can show the amount in controversy actually exceeds the jurisdictional minimum if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000.00, or, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount." *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

2.10   Here, this dispute appears to involve the adjustment of a residential insurance claim, stating "the Property sustained resulting damage from storm created openings in the roof." *See* Plaintiff's Original Petition, Ex. C at ¶10. In addition, Plaintiff's policy limits are as follows: Dwelling limits of $233,000; Other Structures limits of $23,300; Personal Property limits of $116,500; and Loss of Use limits of $46,600.[1]

---

[1] *See* Declaration of Rhonda J. Thompson as **Exhibit K**. In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient

2.11    Plaintiff attempts to frustrate this Court's federal diversity jurisdiction by stating in his Petition that he is "seeking only monetary relief of $75,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees."[2]  However, no stipulation to limit the amount in controversy was filed with Plaintiff's Original Petition to prevent removal[3] and Plaintiff is silent on whether, at a later time, he will accept an award of greater than $75,000 if monetary relief actually awarded by a jury is more than $75,000.[4]

2.12    Because no stipulation to limit the amount in controversy was filed with Plaintiff's Original Petition and Texas law does not preclude a court or jury from awarding an amount greater than what a plaintiff seeks in his/her pleadings and other filings, Plaintiff's affirmation without more, does not provide with sufficient certainty that Plaintiff would not be able to recover more in state court than the amount he seeks.[5]

2.13    In addition, Plaintiff seeks actual damages, trebled damages, exemplary damages, statutory penalties, pre-judgment interest, post-judgment interest, an award of attorney fees for trial and costs of suit.  *See* Plaintiff's Original Petition, Ex. C at X. Prayer.  Given the nature of the case, policy limits, Plaintiff's claim of actual, treble, and exemplary damages, Plaintiff's

---

amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

[2] *See* Exhibit C, ¶ 48.
[3] "'Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints[.]'" *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)).
[4] *See* Exhibit C.
[5] *See* FN4; *see also Washington-Thomas v. Dial Am. Mktg., Inc.*, EP-12-CV-00340-DCG, 2012 WL 5287043, at *3 (W.D. Tex. Oct. 23, 2012)(not reported).

pleading on its face has greatly exceeded the requisite jurisdictional threshold of $75,000 at the time of removal.

2.14    Defendant has shown by the preponderance of the evidence that Plaintiff's amount in controversy likely exceeds the minimal jurisdictional threshold at the time of removal.

## III.

## CONCLUSION AND PRAYER

3.1    All requirements are met for removal under 28 U.S.C. §§ 1332 and 1441. Accordingly, Defendant Occidental Fire & Casualty Company of North Carolina hereby removes this case to this Court for trial and determination.

Respectfully submitted,

*/s/ Rhonda J. Thompson*
Rhonda J. Thompson
State Bar No.  24029862
Southern District Bar No. 17055

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email:  rthompson@thompsoncoe.com

**COUNSEL FOR DEFENDANT OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA**

## **CERTIFICATE OF SERVICE**

This is to certify that on December 6, 2019 a true and correct copy of the foregoing was delivered to the following counsel of record by electronic service and/or facsimile transmission and/or certified mail, return receipt requested:

Robert C. Lane
Stephanie L. Vera
Joshua D. Gordon
The Lane Law Firm, PLLC
6200 Savoy Drive, Suite 1150
Houston, TX  77036
Facsimile:  (713) 595-8201
notifications@lanelaw.com
stephanie.vera@lanelaw.com
Joshua.gordon@lanelaw.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ Rhonda J. Thompson*
Rhonda J. Thompson