11/4/2019 11:43 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38192794
By: Carolina Salgado
Filed: 11/4/2019 11:43 AM

# 2019-80123 / Court: 061

## CAUSE NO. _____

| | | |
|---|---|---|
| **RAUL GALICIA,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **OCCIDENTAL FIRE & CASUALTY** | § | |
| **COMPANY OF NORTH CAROLINA** | § | |
| | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Raul Galicia (hereinafter "Plaintiff"), by and through the undersigned counsel, files this *Plaintiff's Original Petition*, complaining of Occidental Fire & Casualty Company of North Carolina (hereinafter "Defendant"), and would respectfully show this Honorable Court the following:

### I.   DISCOVERY PLAN

1.   Plaintiff intends discovery to be conducted under Level 2 of the Texas Rules of Civil Procedure, Rule 190.2.

### II.   PARTIES

2.   Plaintiff is an individual that owns real property in Harris County, Texas.

3.   Defendant is an insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by certified mail, return receipt requested, by serving its Registered Agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Service is hereby requested.



### III.  JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action because Plaintiff seeks damages within the jurisdictional limits of this Court and because the causes of action asserted herein are not subject to exclusive jurisdiction in another court.

5.    This Court has jurisdiction over Defendant because it engages in the business of insurance in Texas, and Plaintiff's causes of action arise out of Defendant's business activities in Texas.

6.    Venue is proper under Texas Civil Practice and Remedies Code § 15.001 *et. seq.* because a substantial part of the events and omissions giving rise to the claims asserted herein occurred in Harris County, Texas.  Furthermore, venue is proper in Harris County, Texas under Texas Civil Practice and Remedies Code § 15.032 because the insured property is located in this county.

### IV.    FACTUAL BACKGROUND

7.    Plaintiff purchased an insurance policy (hereinafter referred to as "the Policy") issued by Defendant which insures the Property against damages caused by hail, windstorm and other covered perils.

8.    During the effective policy period, Plaintiff owned and insured the property located at 5414 Sycamore Creek Drive, Kingwood, Texas 77345 (hereinafter referred to as "the Property").

9.    During the effective policy period, the Property described above sustained severe damages to the roof due to the direct force of wind.

10.   As a result, the inside of the Property sustained resulting damage from storm created openings in the roof.

11.   Plaintiff duly notified Defendant of the damage sustained and asked that Defendant pay for covered damages to the Property.

12.     Defendant then assigned Plaintiff Claim No. TXH160499200 (hereinafter "the Claim").

13.     After its investigation, Defendant ultimately acknowledged coverage for damage from a covered loss event but grossly underpaid the loss despite the existence of obvious and easily identifiable damages for which Defendant's liability for the extension of further coverage was reasonably clear.

14.     As set forth below, Defendant failed to comply with the Policy, the Texas Insurance Code, and Texas law in handling Plaintiff's Claim by:

    a)     Wrongfully denying full coverage for Plaintiff's Claim even though the Policy provides coverage for losses such as those Plaintiff is claiming;

    b)     Underpaying Plaintiff's Claim by not providing full coverage for damages sustained to the Property;

    c)     Improperly and inadequately scoping the damages to the Property during Defendant's investigation; and

    d)     Continuing to delay in the payment of damages to the Property.

15.     Defendant breached its contractual obligation to Plaintiff by continuing to refuse to adequately compensate Plaintiff for the damage to the Property pursuant to the terms of the Policy.  Notably, Defendant refused to pay for the proceeds of the Policy despite the fact pre-suit demand for payment in an amount sufficient to cover the damage to the Property was made.

16.     Plaintiff complied with all obligations under the Policy, and all conditions precedent to recovery upon the Policy are satisfied.

17.     Defendant continues to delay in the payment of the damage to the Property despite Plaintiff's requests.  Accordingly, Plaintiff has still not been paid in full for the damages to the Property.

18.  As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain legal counsel to represent Plaintiff with respect to these causes of action.

## V.   CAUSES OF ACTION

### BREACH OF CONTRACT

19.  Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

20.  Although Plaintiff fully cooperated with Defendant, and despite the fact that all conditions precedent to recovery have been performed, waived, excused, or otherwise satisfied, Defendant has failed and refused to pay to Plaintiff the benefits due under the Policy/contract of insurance in question, which was in full force and effect at the time of the damage that forms the basis of this lawsuit.

21.  Plaintiff has been required by the actions of Defendant to retain the services of undersigned counsel and has agreed to pay undersigned counsel reasonable attorney's fees.

22.  Defendant's breach proximately caused Plaintiff's injuries and damages.

### UNFAIR SETTLEMENT PRACTICES

23.  Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

24.  Defendant violated TEX. INS. CODE § 541.060(a) by engaging in unfair settlement practices during the handling of the claim.  All of Defendant's violations are actionable pursuant to TEX. INS. CODE § 541.151.

25.  Defendant engaged in the following unfair settlement practices:

a)  Pursuant to TEX. INS. CODE § 541.060(a)(1), misrepresenting to Plaintiff material facts or Policy provisions relating to the coverage at issue by misrepresenting the true scope and amount of the claim at issue despite the existence of obvious and easily identifiable property conditions warranting the extension of further coverage under the policy.

- 4 -

b)   Pursuant to TEX. INS. CODE § 541.060(a)(2)(A), failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendant's liability under the Policy was reasonably clear.   Specifically, Defendant failed to make an attempt to settle the Claim fairly despite the fact that Defendant knew or should have known of its liability to Plaintiff under the Policy.

c)   Pursuant to TEX. INS. CODE § 541.060(a)(3), failing to promptly provide Plaintiff with a *reasonable* explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendant's denial of the claim or offer of a compromise settlement of the Claim.   Specifically, Defendant failed to offer Plaintiff adequate compensation for damages to the Property without *reasonable* explanation as to why full payment was not being made.

d)   Pursuant to TEX. INS. CODE § 541.060(a)(7), refusing to pay Plaintiff's Claim without conducting a *reasonable* investigation with respect to the Claim. Defendant's outcome-oriented investigation of the Claim resulted in an unfair evaluation of the damage to Plaintiff's Property.

26.   Each of the foregoing unfair settlement practices was committed with knowledge by Defendant, and was a producing cause of Plaintiff's injuries and damages.

**MISREPRESENTATION OF INSURANCE POLICY VIOLATIONS**

27.   Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

28.   Additionally, Defendant made misrepresentations about Plaintiff's insurance policy and claim in violation of TEX. INS. CODE § 541.061.   All of Defendant's violations are actionable pursuant to TEX. INS. CODE § 541.151.

29.   Defendant engaged in deceptive insurance practices by:

a)   Making an untrue statement of material fact in violation of § 541.061(1). Specifically, Defendant misrepresented the true scope and amount of the claim despite the existence of obvious and easily identifiable property conditions warranting the extension of further coverage under the policy.

b)   failing to state a material fact necessary to make other statements made not misleading in violation of § 541.061(2).

c) Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of material fact in violation of § 541.061(3).

d) Making a material misstatement of law in violation of § 541.061(4).

30. Each of the foregoing unfair settlement practices was committed with knowledge by Defendant and was a producing cause of Plaintiff's injuries and damages.

## PROMPT PAYMENT OF CLAIMS VIOLATIONS

31. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

32. Plaintiff gave Defendant proper notice of claim under the insurance Policy issued by Defendant. As set forth more fully below, Defendant's conduct constitutes a violation of the Texas Prompt Payment of Claims Statute, which is made actionable by TEX. INS. CODE § 542.060.

33. Specifically, Defendant violated the Prompt Payment of Claims provisions of TEX. INS. CODE § 542 by:

a) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE § 542.058. Defendant delayed full payment of the Claim and, to date, Plaintiff has still not received full payment of the amount owed on this Claim.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/BAD FAITH

34. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

35. Since Plaintiff initially presented the Claim to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. The damage to Plaintiff's home was not apparent until after the loss made the basis of Plaintiff's

- 6 -

insurance claim.    It is no coincidence that there was no apparent storm damage prior to the loss, and significant damage just after.  The covered storm damage to the property was at all times reasonably clear during Defendant's claim investigation, such that any adjuster or insurance carrier acting in good faith would know or should have known to acknowledge and accept coverage for such damages.    Instead, Defendant purposely failed to acknowledge and accept full coverage for reasonably clear wind damage.  Alternatively, Defendant was grossly negligent in failing to acknowledge and accept full coverage for the reasonably clear wind damages to the property.

36.    As a result of Defendant's outcome-oriented investigation, Defendant continues to refuse to pay Plaintiff in full for the Claim.

37.    Defendant denied coverage and delayed payment for the full amount of Plaintiff's claim when it had no reasonable basis for doing so.  Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, and its failure, as set forth above, to adequately and reasonably investigate and evaluate Plaintiff's Claim, constitutes a breach of the duty of good faith and fair dealing.

## VI.  KNOWLEDGE

38.    Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

39.    Each of the acts as set forth in each of the afore-mentioned causes of action, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.

## VII. DAMAGES

40.    Plaintiff would show that all of the aforementioned acts, taken together or independently, establish the producing causes of the damages sustained by Plaintiff.

41.     Plaintiff's damages have yet to be fully addressed or repaired since the incident, causing further damage to the Property and causing undue burden to Plaintiff. Upon trial of this case, it will be shown that these damages are a direct result of Defendant's improper handling of the Claim in violation of the laws set forth above.

42.     For the breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the Claim, together with attorney's fees.

43.     As a result of the noncompliance with the Texas Insurance Code Unfair Settlement Practices provisions, Plaintiff is entitled to actual damages, which includes the loss of the contractual benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees. For Defendants' knowing conduct in violating these laws, Plaintiff respectfully requests treble damages pursuant to TEX. INS. CODE § 541.152.

44.     Pursuant to TEX. INS. CODE § 542.060, as a result of the noncompliance with the Texas Insurance Code Prompt Payment of Claims provisions, Plaintiff is entitled to the entire amount of the Claim, eighteen (18) percent interest per annum on the amount of the Claim and reasonable and necessary attorney's fees.

45.     For the breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach, exemplary damages, and damages for emotional distress.

46.     For the fraud committed, Plaintiff is entitled to recover actual damages and exemplary damages for knowing, fraudulent misrepresentations, together with attorney's fees, interest, and court costs.

47.     As a result of the necessity in engaging the services of an attorney to prosecute this claim, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's

attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

48.    Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is seeking only monetary relief of $75,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## VIII.  <u>JURY DEMAND</u>

49.    Plaintiff hereby requests that all causes of action alleged herein be tried before a jury, and hereby tenders the appropriate jury fee.

## IX.  <u>WRITTEN DISCOVERY</u>

50.    Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the information or material described in Rule 194.2.

51.    Attached to this petition are Plaintiff's Requests for Production and Plaintiff's Interrogatories.

52.    Pursuant to Texas Rule of Civil Procedure 193.7, this will serve as actual notice that Plaintiff intends to use produced documents against Defendant(s) in pretrial proceedings and at trial. Accordingly, production of document(s) in response to Request for Disclosure or Requests for Production of Documents authenticates the document(s) for use against Defendant(s) in any pretrial proceeding or at trial unless Defendant(s) objects to the authenticity of any produced documents(s) within the time limits as particularly set out in Texas Rules of Civil Procedure 193.7.

## X.   **PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that upon trial hereof, final judgment be rendered for Plaintiff as follows:

1) Judgment against Defendant for actual damages, including mental anguish, in an amount to be determined by the jury;

2) Statutory penalties;

3) Treble damages;

4) Exemplary and punitive damages;

5) Prejudgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of this suit; and

9) Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE LANE LAW FIRM, PLLC**

By: */s/ Robert C. Lane*
Robert C. Lane
State Bar No. 24046263
notifications@lanelaw.com
Stephanie L. Vera
State Bar No. 24096155
stephanie.vera@lanelaw.com
Joshua D. Gordon
State Bar No. 24091592
Josua.gordon@lanelaw.com
6200 Savoy Drive, Suite 1150
Houston, Texas 77036
(713) 595-8200 – Telephone
(713) 595-8201 – Fax
**ATTORNEYS FOR PLAINTIFF**